# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**CARPENTER LOGGING, LLC,**
**Employer Below, Petitioner**

**vs.)   No. 19-0577** (BOR Appeal No. 2054032)
(Claim No. 2015022418)

**KEITH W. TENNEY,**
**Claimant Below, Respondent**

**FILED**

December 11, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

# MEMORANDUM DECISION

Petitioner Carpenter Logging, LLC, by Counsel Daniel G. Murdock, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Keith W. Tenney, by Counsel J. Thomas Greene Jr., filed a timely response.

The issue on appeal is compensability. The claims administrator rejected the claim on October 27, 2017. The Workers' Compensation Office of Judges ("Office of Judges") reversed the decision in its February 4, 2019, Order and held the claim compensable for left arm amputation, acute osteomyelitis, electrical burns, rhabdomyolysis, transaminitis, and leukocytosis. The Order was affirmed by the Board of Review on May 21, 2019

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On December 16, 2014, Mr. Tenney was operating a bulldozer when he struck a high voltage wire and fell down an embankment. He was flown to the Trauma Department of the University of Pittsburgh where it was determined that he had burns over more than 30% of his body. His left arm had to be amputated. He was diagnosed with left arm amputation, acute osteomyelitis, electrical burns, rhabdomyolysis, transaminitis, and leukocytosis. A First Report of Injury or Illness form was completed on February 13, 2015, indicating Mr. Tenney was a full-time employee of Carpenter Logging, LLC, who was operating a bulldozer when it struck electrical wires and fell down an embankment.

1

Shawn Carpenter testified in a deposition on May 9, 2016, that he owns Carpenter Logging, LLC. He stated that Mr. Tenney was an independent contractor, not an employee. Mr. Tenney had owned several businesses and worked as an independent contractor for Carpenter Logging multiple times in the past. Mr. Carpenter stated that Mr. Tenney provided all of his own equipment. Mr. Carpenter testified that he provides the equipment for his employees. Mr. Tenney also set his own hours. Mr. Carpenter asserted that he made a verbal agreement with Mr. Tenney and his brother for tree cutting and trimming and were paid by the hour. On the day of Mr. Tenney's injury, Mr. Carpenter was not on the job site and did not know Mr. Tenney was there. However, Mr. Carpenter stated that Red Riley, who worked for him, was on the jobsite that day.

On January 27, 2017, Mr. Tenney testified in a deposition that he was an employee of Carpenter Logging, LLC, on the day of his injury. He admitted that he had worked for Mr. Carpenter in the past as an independent contractor. He stated that he had not worked for him in that capacity for about six months prior to his injury and that he and his brother agreed to work for Carpenter Logging for $15 an hour. Mr. Tenney testified that he is not a certified logger, so Mr. Riley was on site because he was certified. Mr. Riley told Mr. Tenney where to retrieve and place logs and when to start working. Mr. Riley also drove Mr. Tenney to the worksite the day of the injury. Mr. Tenney further testified that he brought no tools to the work site and instead, used Carpenter Logging's bulldozer and equipment.

The claims administrator initially rejected the claim on February 19, 2015. On April 11, 2017, the Office of Judges reversed the decision and ordered the claims administrator to recognize Mr. Tenney as an employee of Carpenter Logging, LLC, and remanded the claim with instructions to determine if Mr. Tenney was injured in the course of and resulting from his employment. The decision was affirmed by the Board of Review and the West Virginia Supreme Court of Appeals. *See Carpenter Logging, LLC v. Tenney,* No. 17-0964, 2018 WL 1410742 (W.Va. Mar. 21, 2018) (memorandum decision).

While the case was pending before this Court, the claims administrator issued a second decision rejecting the claim on October 27, 2017. It is this Order that is now on appeal. On May 4, 2018, Mr. Tenney filed a Motion for Late Protest to the claims administrator's October 27, 2017, decision. Mr. Tenney's counsel explained that his office did not receive a copy of the Order. The Office of Judges granted late filing of the protest on May 30, 2018, and the employer did not appeal the Order.

On August 20, 2018, the Office of Judges ordered the claims administrator to hold the claim compensable for left arm amputation, acute osteomyelitis, electrical burns, rhabdomyolysis, transaminitis, and leukocytosis. The Office of Judges determined that Mr. Tenney was authorized to use the employer's bulldozer when he was injured. It also found that the employer waived its objection to Mr. Tenney's late protest.

The Office of Judges denied the employer's Motion for Reconsideration on October 30, 2018. On December 13, 2018, the Office of Judges granted a motion from the employer for reconsideration of the claim and vacated the August 20, 2018, Office of Judges' Order. The Office

2

of Judges reconsidered the claim and on February 4, 2019, it reversed the October 27, 2017, claims administrator's decision and held the claim compensable for left arm amputation, acute osteomyelitis, electrical burns, rhabdomyolysis, transaminitis, and leukocytosis.

The Office of Judges noted that the employer made two arguments. First, it asserted that on the day of his injury, Mr. Tenney "commandeered the bulldozer" and was not actually authorized to use the machine. The Office of Judges found that the employer relied on the testimony of Mr. Carpenter. However, Mr. Carpenter never stated that Mr. Tenney was unauthorized to use the bulldozer. Therefore, the Office of Judges concluded that the employer failed to support its assertion that Mr. Tenney was acting outside of the scope of his employment when he was injured.

Second, the employer argued that the Office of Judges did not have jurisdiction to grant Mr. Tenney's Motion for Late Protest because the protest was not filed within 120 days of the claims administrator's decision as required by West Virginia Code §§ 23-5-1(b)(1) and 23-5-6. The Office of Judges found that the employer's argument had no merit because the employer did not protest the Motion for Late Protest or file an appeal of the Order granting the motion. The Office of Judges concluded that Mr. Tenney showed good cause for his late protest. The Office of Judges also found that the evidence indicates he sustained a left arm amputation, acute osteomyelitis, electrical burns, rhabdomyolysis, transaminitis, and leukocytosis as a result of his compensable injury. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on May 21, 2019. It noted that the Office of Judges had subject matter jurisdiction since the claim was timely filed.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. A preponderance of the evidence indicates that Mr. Tenney was an employee of Carpenter Logging, LLC, at the time of his injury. Despite the employer's argument, the evidence also indicates that Mr. Tenney's use of the bulldozer was authorized. Regarding the employer's argument that the Office of Judges lacked jurisdiction to grant a Motion for Late Protest, we agree with the Board of Review. The Office of Judges found good cause and granted Mr. Tenney's request to file a late protest. The employer failed to appeal the decision. Thus, the decision became final. The employer cannot now attempt to relitigate an issue that has already been decided.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the Board of Review's findings, reasoning and conclusions, there is insufficient support to sustain the decision. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

3

**ISSUED: December 11, 2020**


**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

4